# BENJAMIN J. ETTELSOHN
## v.
# CHARLES H. KIRKWOOD.

33  103
79   64

*Contracts—Written and Oral—Particulars—Bill of—Request by Counsel that Jurors Shall Note Items of Claim—Witnesses—Credibility of —Evidence.*

1. A party to a written agreement freely entered into, can not deny the truth of the recitals therein.

2. An attorney in a cause should not, upon trial, request a juror to note down the items of his client's claim.

3. In an action by one of two creditors against the other to recover a balance claimed to be due under a written agreement entered into by them, evenly to divide the proceeds of such property of a common debtor as might come to the hand of either, this court, upon the ground that the credibility of the testimony was a question for the jury alone, declines to interfere with the verdict for the plaintiff.

[Opinion filed May 8, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon.
RICHARD S. TUTHILL, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. DOOLITTLE & McKEY, for appellee.

GARY, J.    These parties both had claims against one Emma
Lesser who had been doing business in Ishpeming in northern
Michigan and who had absconded.    The appellee resided there,
and the appellant in Chicago.    The appellant went to Ishpem-
ing, and as the result of negotiations between these parties a
written agreement was made that they should share equally the
proceeds of all property of Lesser which either of them could
obtain, the appellant agreeing that $1,000 for insurance should
be considered as received by him.    In a little time thereafter
the appellant received $1,500 or $1,510 for goods of Lesser
sold by appellant.    He had before this suit paid to appellee
$750, and this suit was brought by appellee to recover the
unpaid residue, according to the terms of their agreement.

The appellant sought to avoid the effect of the agreement
by denying the truth of its recitals, which was not admissible,
(Wynkoop v. Cowing, 21 Ill. 570), and by alleging a subse-
quent parol agreement that the appellee should share ex-
penses, which he testified to having paid.    Whether such an
agreement was made, and if made, whether the appellant
made any proof of the payment of any expenses which would
be covered by it, were questions for the jury, in the presenta-
tion of which the appellant had greatly the advantage, as the
evidence for the appellee, except the original agreement, was
by depositions, while the appellant was present and testified
before the jury.

The depositions contained testimony as to other claims of
the appellee than for half of the money received or acknowl-
edged by appellant under the original agreement.    On the
trial appellant testified in regard to such other claims.    No
bill of particulars of them was actually filed, until the argu-
ment of the case began.    While the counsel for appellant

was making his argument, he asked a juror to put down on a slip of paper the items of the claims of the appellant so that the jury might remember them.   To this he had no right.   Ind. & St. L. R. R. v. Miller, 71 Ill. 463.   The counsel for the appellee said there was no need of that, as the jury could take the bill of particulars of the appellant with them.   After the jury retired the appellant wished his bill of particulars to go with them, and the appellee wanted his to go with it, to which appellant objecting, neither was sent, and appellant excepted. It can hardly be expected that this court should hold that fair and equal treatment in the Circuit Court, is error in this.   The jury rejected both bills of particulars, and found for the appellee the amount unpaid of the money due under the original agreement.   In so doing they may have been influenced by the attempt of the appellant to obtain, before them, an unfair advantage, but whatever may have been the motive, the credibility of testimony was for their consideration.

There is no error and the judgment is affirmed.

*Judgment affirmed.*